UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ADM GRAIN RIVER SYSTEM, INC., AMERICAN RIVER TRANSPORTATION CO. AND ARCHER- DANIELS- MIDLAND CO.** | **CIVIL ACTION** |
| | **NO.  2:13-CV-04685** |
| | **SECTION "F" (3)** |
| **Plaintiff** | **JUDGE FELDMAN** |
| **VERSUS** | **MAGISTRATE KNOWLES** |
| **M/V FORTUNE WING, in rem** | |
| **Defendant** | |

### ANSWER

NOW INTO COURT, through undersigned counsel, comes *in rem* claimant White Citron Shipping S.A. (hereinafter "Citron"), appearing specially and restrictively pursuant to Supplemental Admiralty Rule E (8) of the Federal Rules of Civil Procedure, and not making a general appearance, and reserving all defenses, including but not limited to jurisdiction who answers the complaint and first supplemental and amended complaint of ADM Grain River System, Inc., ("GRS") American River Transportation Co. ("ARTCO") and Archer-Daniels-Midland Co. ("ADM") (collectively "plaintiffs") as follows:

1.

The complaint fails to state a cause of action for which relief can be granted.

2.

*In rem* claimant Citron admits that it is a foreign business entity, and that an *in rem* Letter of Undertaking in the amount of $1,000,000.00 was issued in favor of plaintiffs, and that this court has jurisdiction over that *in rem* security up to and including

the amount of $1,000,000; plaintiffs are domestic corporations subject to the jurisdiction of this Honorable Court; plaintiffs allegedly own or operate a barge fleeting facility and some barges which M/V FORTUNE WING came in contact on or about May 30, 2013 after her navigation was embarrassed by ARTCO shallow draft towboat STARFIRE pushing a shallow draft flotilla seven barges wide directly down the middle of the Mississippi River deep draft vessel channel in violation of her one whistle meeting agreement with FORTUNE WING and the prudent practices of good seamanship. Except as herein admitted, the numbered allegations 1 – 12 of the Verified Original Complaint, and paragraphs 2, 6 – 9 of the First Supplemental and Amended Complaint are denied.

3.

Further answering and in the alternative, *in rem* claimant Citron maintains that if plaintiff's barge fleet and barges were damaged by FORTUNE WING, which is denied, said damage resulted from plaintiffs' neglect and failure to light, monitor and maintain its barge fleet and barges; pre-existing damage/deterioration and latent defect of the barge fleet and barges; violation of the US Army Corps of Engineer's Permit for the barge fleeting facility; violation of U.S. Coast Guard rules and regulations; failure to station sufficient fleeting towboats in the area; failure to ensure ARTCO's towboat STARFIRE was properly manned and navigating properly and with a safely configured tow under full control; causes arising without the actual fault or privity of *in rem* claimant Citron, and without fault or negligence of the agents or servants of *in rem* claimant Citron or M/V FORTUNE WING, *in rem*; those other conditions or causes which will be shown at the time of trial.

4.

Further answering, and in the alternative, *in rem* claimant Citron maintains that plaintiffs' claims are inflated so grossly as to constitute a special circumstance supporting the denial of any pre-judgment interest.

WHEREFORE, *in rem* claimant Citron prays for:

1. That the complaint and first supplemental and amended complaint of ADM Grain River System, Inc. ("GRS"), American River Transportation Co. ("ARTCO") and Archer-Daniels-Midland Co. ("ADM") be dismissed at plaintiffs' cost, together with attorneys' fees.

2. For such other and further relief as justice may require.

Respectfully submitted,

**PHELPS DUNBAR LLP**


BY:   *s/ Michael M. Butterworth*
Michael M. Butterworth (#21265)
Raymond T. Waid (#31351)
Canal Place
365 Canal Street • Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Telecopier: (504) 568-9130

ATTORNEYS FOR *IN REM* CLAIMANT
WHITE CITRON SHIPPING S.A. OWNER OF
M/V FORTUNE WING

(Pursuant to Rule E(8) appearing specially, restrictively and not making a general appearance, and without waiving any defenses, especially as to jurisdiction)

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 30th day of September, 2013, I electronically filed the foregoing pleading with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel who are CM/ECF participants.

*s/ Michael M. Butterworth*
Michael M. Butterworth (#21265)
Raymond T. Waid (#31351)